379 P.2d 89

The STATE of Idaho, Plaintiff-Respondent,

v.

CONCRETE PROCESSORS, INC.,
Defendant-Appellant.

No. 9009.

Supreme Court of Idaho.

Feb. 18, 1963.

Alvin Denman, Idaho Falls, for appellant.

John W. Gunn, Counsel, Employment Security Agency, Boise, Everett D. Hofmeister, Jr., Sp. Asst. Counsel, Employment Security Agency, Ponderay, for respondent.

On Rehearing

Former Opinion Filed at the Conclusion of the Original Hearing Withdrawn and this Opinion Substituted.

McQUADE, Justice.

This action is one of foreclosure of a lien under provisions of Idaho statutes. Essentially the basis for the dispute in the trial court between the defendant corporation and the plaintiff State of Idaho was whether or not the defendant is a covered employer as defined by the Employment Security Law, I.C. § 72–1301 et seq.

A report was filed with the Employment Security Agency for the defendant covering the third quarter of 1955, listing 13 employees. Thereafter, reports were made for the corporation asserting that it had no employees. Pursuant to I.C. § 72–1358, the director of the Idaho Employment Security Agency in 1957 requested additional information and records from the defendant and V–1 Oil Company to determine whether the defendant was a covered employer.

V–1 Oil Company, like the defendant, has Sam H. Bennion as the principal owner. V–1 Oil Company is engaged in retail oil business, and is represented as the parent

company of the defendant. The defendant is engaged in the making of concrete or pumice building blocks. Owner Bennion testified that the 1955 report listing employees for defendant was in error; he stated that all covered personnel then were and now are employees of V-1 Oil Company which paid the contribution at its established rate on all employees.

From records, papers and files some of which were obtained voluntarily and others by court order, the Agency director assessed the defendant as a covered employer and required the defendant to make contributions under the Employment Security Law. The director did not expressly find defendant to be a covered employer, but assessed it as such and notice of right of appeal and time for appeal for a covered employer were set forth on notices of assessment and served upon defendant.

No action was taken on the part of defendant nor its officers to appear before the director in opposition to the issue as to whether defendant might be a covered employer; nor did the defendant take an appeal, as provided by statute, to the Industrial Accident Board from the determination made by the director of the Agency.

The director of the Employment Security Agency determined that defendant owed contributions to the Agency in the principal amount of $4,995 at an experience rating of 2.7 per cent of the total payroll assessed at $185,000.

After appeal time had expired, the director, pursuant to I.C. § 72–1360, caused a certificate of contributions due to be filed in Madison County. Defendant substituted a bond in double the amount claimed in the certificate, thereby releasing all of defendant's property from the lien created by the statute. Thereafter, a writ of execution and notice of garnishment were executed by the sheriff, levying on defendant's bank account. At this time plaintiff discovered the bond had been substituted for defendant's property and had the execution quashed.

Subsequent thereto, this action was brought to foreclose the lien. A demurrer and a motion to strike were filed, and overruled and denied. Defendant answered to the effect that it had no employees for the period in question.

Trial of the cause was to the court sitting without a jury. The court entered a judgment that the director of the Employment Security Agency was justified in his findings as to the liability of the defendant to pay contributions, and that the assessment levied constituted a lawful claim against the defendant, and that the lien was levied according to law and was valid against the property of the defendant, and that the plaintiff was entitled to have such lien satisfied from the bond of the defendant.

Defendant appeals from the judgment entered against it.

Defendant's argument, bolstered by propositions of law and authorities, urges three propositions: (1) that the Employment Security Law is unconstitutional because it invades the judicial field, (2) that the State must establish the validity of its lien by proving the elements which support the lien, and (3) that the lowest experience rating of either corporation is applicable because of the single corporate ownership.

Defendant urges that I.C. § 72-1355 (c) is unconstitutional. The following is the questioned portion of the statute:

"* * * No suit, including an action for a declaratory judgment, shall be maintained and no writ or process shall be issued by any court of this state which has the purpose or effect of restraining, delaying, or forestalling the collection of any contributions under this act or substituting any collection procedure for those prescribed in this act."

Defendant argues that the said portion of the section of the Employment Security Law is an attempt to exclude the courts from the exercise of powers properly belonging to the judicial department, and is contrary to Article 2, Section 1, of our State Constitution, which provides:

"The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial; and no person or collection of persons charged with the exercise of powers properly belonging to one of these departments shall exercise any powers properly belonging to either of the others, except as in this constitution expressly directed or permitted."

Defendant argues also, on much the same ground, that I.C. § 72-1353 is violative of our Constitution. The applicable part of that section is:

"The director may, upon his own motion or upon application of any employer, and after notice and opportunity for hearing, make findings of fact and on the basis thereof, a determination with respect to whether such employer is a covered employer and whether services performed for or in connection with the business of such employer constitutes covered employment. Appeal from any such determination may be taken to the board within 14 days after the mailing of notice of such findings and determination to the employer, or, in the absence of mailing, within 14 days after the delivery of such notice. * * *"

Defendant argues that this section sets up a new court, that the employer is placed on

trial, that the director makes findings of facts and conclusions of law, and that all are judicial functions. These are fundamental propositions having to do with the authority of administrative boards to carry out their designated functions, either by constitutional or legislative authority.

We have recognized the power of the legislature to confer upon administrative officers and agencies of the executive department functions and powers, quasi judicial in character, to make findings of fact and to enter orders and judgments thereon in the application of legislative acts to such fact determinations. We have also held that such legislation is not repugnant to the constitution as a delegation of legislative power. Howard v. Missman, 81 Idaho 82, 337 P.2d 592.

We have further held that such legislation does not constitute a denial of due process so long as it provides for notice and an opportunity for a fair hearing before the rights of persons affected are finally determined thereunder; and provided that such legislation does not attempt to give such finality to the determinations made by the administrative agency thereunder that property and constitutional rights of citizens may be conclusively determined without right to adequate judicial review. State v. Finch, 79 Idaho 275, 315 P.2d 529; Electors of Big Butte Area v. State Board of Ed., 78 Idaho 602, 308 P.2d 225; Foster v. Walus, 81 Idaho 452, 347 P.2d 120.

■ The statute here involved afforded the plaintiff an opportunity to be heard and a right of appeal to the Industrial Accident Board, and an appeal from that board to this court. It did not avail itself of either. Generally the administrative remedies provided by such legislation must be exhausted before the courts will act to prevent the invasion of any asserted constitutional or property right. Bohemian Breweries v. Koehler, 80 Idaho 438, 332 P.2d 875.

■ Our Employment Security Agency is a creature of the legislature. The Employment Security Law is designed to enhance the economic security of all covered employees, and for the additional purpose of reducing menace to health, morals and welfare of the people of the State of Idaho. To accomplish these objectives, every covered employer is required to make contributions to the Employment Security Fund. To assure that all covered employers make their contributions, the Legislature charged the director of the Agency to require compliance from all employers who are found to be covered employers under the Act.

■ "The term 'covered employer' means:

"(a) An employer as defined in section 72–1320, who in any calendar

quarter after June 30, 1947, pays or becomes liable to pay for services in covered employment wages of * $150.00 or more.

"(b) Any employer (whether or not an employer at the time of acquisition) who acquires the organization, trade, or business or substantially all the assets thereof, of another who at the time of such acquisition was a covered employer." I.C. § 72–1315.

By exercising his authority in the execution of his statutory duties by making this determination, the director did not assume nor usurp judicial powers and functions. It was said in Hoff v. County of Jasper, 110 U.S. 53, 3 S.Ct. 476, 28 L.Ed. 68:

"As to the objection that the duties of the auditor, in respect to his inquires under the fourth section, are judicial rather than executive, it is sufficient to say that every executive officer, when called on to act in his official capacity, must inquire and determine whether, on the facts, the law requires him to do one thing or another. * * *"

The principle of delegation of legislative power to executive agencies involves a parallel constitutional question as indicated by the following:

"The principle upon which such a power is upheld in state legislation as to fixing railway rates is admirably stated by Judge Mitchell in the case of State [ex rel. Railroad & Warehouse Commission] v. Chicago, Milwaukee & St. Paul Railway Co., 38 Minn. 281, 298 to 302, 37 N.W. 782. The learned judge says on page 301, (37 N.W. 788):

" 'If such a power is to be exercised at all, it can only be satisfactorily done by a board or commission, constantly in session, whose time is exclusively given to the subject, and who, after investigation of the facts, can fix rates with reference to the peculiar circumstances of each road, and each particular kind of business, and who can change or modify these rates to suit the ever-varying conditions of traffic. * * * Our Legislature has gone a step further than most others, and vested our commission with full power to determine what rates are equal and reasonable in each particular case. Whether this was wise or not is not for us to say; but in doing so we can not see that they have transcended their constitutional authority. They have not delegated to the commission any authority or discretion as to what the law shall be,—which would not be allowable,—but have merely conferred upon it an authority and discretion, to be exercised in the execution of the

284

law, and under and in pursuance of it, which is entirely permissible. The Legislature itself has passed upon the expediency of the law, and what it shall be. The commission is intrusted with no authority or discretion upon these questions.' * * * " J. W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 48 S.Ct. 348, 72 L.Ed. 624.

For a further discussion of this problem, see 11 Am.Jur., Constitutional Law, Sec. 235, p. 949:

"In accordance with the power of the legislature to enact laws the effect and operation of which are made dependant on the happening of certain contingencies, the condition selected may be the ascertainment of particular facts by executive or other officers. This has given rise to the well-established distinction that although the legislature cannot delegate its powers to make a law, it can delegate a power to determine some fact or state of things on which the law may depend. Moreover, the disposition in more recent times is to uphold provisions permitting administrative officers to determine conditions under which a law may or may not apply, as against the objection that a delegation of legislative power is thereby made.

"The mere fact that an officer is required by law to inquire into the existence of certain facts and to apply the law thereto in order to determine what his official conduct shall be and the fact that these acts may affect private rights do not constitute an exercise of judicial powers. Accordingly, a statute may give to nonjudicial officers the power to declare the existence of facts which call into operation its provisions and, similarly, may grant to commissioners and other subordinate officers power to ascertain and determine appropriate facts as a basis for procedure in the enforcement of particular laws."

■ In the instant lien proceedings, defendant wishes to call into controversy all matters which were considered by the administrative officer in establishing that appellant is a covered employer. Our statute in this regard (I.C. § 72–1360) provides for the filing in the appropriate district court of a lien against all of the covered employer's nonexempt property located in the county where the certificate or a copy thereof is filed. Foreclosure is by an action in the district court to establish validity of the lien. The question presented by appellant requires a determination as to what issues must be tried in this foreclosure proceeding. Defendant urges that

all matters upon which the lien is founded are properly issues within the foreclosure action. With this we cannot agree. The principal questions to be presented to the trial court are whether the lien is regular upon its face and whether the court has jurisdiction. To question the determination made by the director, defendant is required to exhaust the administrative proceedings established by the Legislature. Abelleira v. District Court of Appeal, 17 Cal.2d 280, 109 P.2d 942, 132 A.L.R. 715; Oklahoma Public Welfare Comm. v. State ex rel. Thompson, 187 Okl. 654, 105 P.2d 547, 130 A.L.R. 873.

I.C. § 72–1353 provides for an appeal from the determination of the director to the Industrial Accident Board, which the defendant failed to exercise.

Idaho Const. Art. V, Sec. 9, provides:

"The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof, and any order of the public utilities commission, and any order of the industrial accident board: the legislature may provide conditions of appeal, scope of appeal, and procedure on appeal from orders of the public utilities commission and of the industrial accident board. On appeal from orders of the industrial accident board the court shall be limited to a review of questions of law. * * *"

I.C. § 72–1361 provides that appeals from the Industrial Accident Board shall be taken directly to the Supreme Court. Having so provided for this method of appeal an action in the district court for the purpose of reviewing orders of the Industrial Accident Board is thereby precluded. The judicial review vested in the district courts by the Legislature pertaining to this subject matter is limited by provisions of I.C. § 72–1360 which in part provides that if the State establish validity of its lien by suit to foreclose the same in a district court it shall be entitled to a judgment or decree against the sureties upon the bond. The surety not having been made party we do not pass upon the validity of the judgment as to the surety on the bond.

Contributions under the Employment Security Law were termed as excise taxes in the case of Continental Oil Co. v. Unemployment Compensation Division of Industrial Accident Bd., 68 Idaho 194, 192 P.2d 599.

In the case of People v. Skinner, 18 Cal. 2d 349, 115 P.2d 488, 149 A.L.R. 299, the California court said that the fact that the word judgment was used to designate the method of summary procedure does not of itself require all the antecedent steps as before a judicial tribunal usually applicable

when private debts are the subject of collection.

That Court also said:

" ' "From all the authorities, it is evident that the state has the power to assess taxes and fix methods for the collection thereof, and it does not matter if these remedies be summary in their nature, so long as the taxpayer is in some way, at some stage of the proceedings, given an opportunity to be heard and have his rights determined before some competent tribunal." ' "

I.C. § 72–1360 provides that the State shall establish the validity of the lien in the district court and sets forth those requirements necessary to establish such validity which are: name of the covered employer, employer's address, amount of contributions and penalties in default, and that time for appeal or review has expired. These requirements were to be established by a duly authenticated certificate as required by I.C. § 72–1360 in the proceeding before the district court and in accordance with the statute the plaintiff is entitled to a judgment or decree against the sureties upon the bond.

Having concluded that defendant failed to exhaust its administrative remedies, the other questions presented as to the identity of the corporations and failure of the director to enter findings of fact were waived.

The judgment is affirmed.

Costs to respondent.

KNUDSON, C. J., and McFADDEN, TAYLOR and SMITH, JJ., concur.