394 P.2d 157

H. Fred GARRETT, Executive Director, Employment Security Agency, State of Idaho, Plaintiff,

v.

M. K. CLINE, Auditor and Recorder for Latah County, Defendant.

No. 9461.

Supreme Court of Idaho.

July 20, 1964.

Franklin H. Powell, Boise, for appellant.

Len Bielenberg, Prosecuting Atty., for Latah County, Moscow, for respondent.

SMITH, Justice.

This is an original proceeding by plaintiff, herein sometimes referred to as the Agency, for a writ of mandate. Plaintiff seeks to compel defendant, auditor and recorder of Latah County, to accept for filing and recordation instruments designed for creation of tax liens, I.C. § 72–1360, and to issue writs of execution thereon, without payment of statutory fees. Plaintiff contends that such procedure constitutes the culmination of a statutory "proceeding" in aid of collecting from a covered employer delinquent contributions, due under the provisions of the Employment Security Law, I.C. § 72–1301 et seq.

February 12, 1964, this Court issued an alternative writ of mandate requiring defendant to show cause why he had failed and refused to file and record such instruments and to issue the writs of execution without payment of the statutory fees.

The facts are undisputed. In November, 1963, the Agency tendered the defendant for filing, a certificate designed to create a tax lien, and requested that a writ of execution be issued on the lien. Defendant refused to perform those services without payment of the applicable statutory fees, i. e., $1 for filing the claim of lien, 90¢ for its recordation and $1 for issuance of the writ of execution. The Agency's employee personally paid the fees under protest. Auditors and recorders of other counties have refused to file and record such instruments on behalf of the Agency and to issue the writs of execution unless the statutory fees be paid.

Plaintiff contends that the filing and recordation of such instruments and issuance

of the writs of execution constitute the *culmination* of administrative proceedings required to be undertaken by the Agency for the collection of delinquent contributions; that such is a "proceeding" to which plaintiff, as a state officer, is a party in his official capacity, and that therefore, the defendant cannot require payment of the statutory fees under the mandate of I.C. § 31–3212.

Defendant contends that the filing and recordation of instruments designed for the creation of tax liens and writs of execution for the enforcement of the tax liens, are not in and of themselves, actions or proceedings, and are not included within the exceptions prescribed by I.C. § 31–3212.

Defendant's contention that mandate is an improper remedy herein, is answered by State ex rel. Rich v. Larson, 84 Idaho 529, 374 P.2d 484 (1962). In that case this Court assumed original jurisdiction in a mandamus proceeding instituted by the State. The issue therein had to do with the State's liability for payment of statutory fees for the filing and recordation of official instruments tendered by the State Highway Department.

I.C. § 72–1358 provides that in case of failure or refusal of an employer to file with the Agency a report of the amount of wages paid for covered employment, or in case of the filing of an insufficient report,

the Agency's director or representative, may compute the amount of contributions due, and thereupon give written notice of the determination to the employer. The determination shall be deemed correct unless the employer, within 14 days from the mailing or delivery of the written notice, shall apply to the Agency's director for a review of the determination, or unless the director or his representative, on his own motion, shall review the same. I.C. § 72–1358 then provides:

"After notice and opportunity for hearing on review has been afforded such employer the amount of contributions due shall be determined and shall be subject to penalties * * *. Within 14 days after the mailing of such determination upon review, or in the absence of such mailing, within 14 days after the delivery thereof, the employer may appeal to the board [Industrial Accident Board] setting forth grounds for such appeal. *Proceedings* on such appeal shall be had in accordance with the provisions of section 72–1361." (Emphasis supplied.)

Subsequent to the events referred to, and the time for "appeal or review" having expired, I.C. § 72–1360(a) authorizes the Agency's director, and the clerk of the district court (who is also ex-officio auditor and recorder, I.C. § 31–2001) to perform

certain acts for the collection of the delinquent contributions. Such section of the statute in part provides:

"Upon the failure of any covered employer to pay contributions or penalties when due, the director may file with the clerk of the district court of the county, wherein such employer has his principal place of business, and a copy thereof with the clerk of the district court of any county in which such employer may have real or personal property, a certificate under his official seal, stating:

"(1) the name of the covered employer;

"(2) his address;

"(3) the amount of contributions and penalties * * * owing and in default; and

"(4) that the time in which an appeal or review is permitted, * * *, has expired * * *.

Thereupon, such clerk shall enter in the judgment docket of the court, the name of the employer mentioned in the certificate, the amount of such contributions and penalties in default and the date when such certificate is filed. When such certificate is duly filed and recorded, the amount of the contributions and penalties in default shall be a lien upon the entire interest of such employer, * * * in any property * * *, not exempt from execution, situated in the county where the certificate or a copy thereof was filed. The lien thus created shall be in favor of the state of Idaho * * *. Such lien may be enforced against any real or personal property of the delinquent employer by the director, his authorized representative, or by any sheriff of the various counties in the same manner as a judgment of the district court duly docketed and the amount, secured by the lien thus established, shall bear interest at the rate of six per centum (6%) per annum. The foregoing remedy shall be in addition to all other remedies against the covered employer."

I.C. § 72–1323 after defining the term "interested party" in respect to a claim for benefits, then defines the term:

" * * * an 'interested party' with respect to *proceedings* involving employer liability means the employer and the director or a duly authorized representative of either of them." (Emphasis supplied.)

The portion of I.C. § 31–3212, pertinent to disposition of the issue involved in the present cause, reads:

" * * * nor shall any county officer charge any fee against, or receive any

compensation whatever from, the state for any services rendered in any action or proceeding in which the state of Idaho, or any state board, or state officer in his official capacity, is a party."

State ex rel. Johnson v. Independent School Dist. No. 810, Wabasha Co., 260 Minn. 237, 109 N.W.2d 596 (1961) defines the term "proceeding" as follows:

" 'Proceeding' includes actions and special proceedings before judicial tribunals as well as proceedings pending before quasi-judicial officers and boards." 109 N.W.2d at 602.

In State v. Concrete Processors, Inc., 85 Idaho 277, 379 P.2d 89 (1963), this Court held that the Legislature had conferred upon the Agency's director powers, quasi-judicial in character, to make findings of fact and determinations within the purview of the Employment Security Law, and that to question a determination by the director, an employer was required "to exhaust the administrative *proceedings* established by the Legislature." (Emphasis supplied.) 85 Idaho at 285, 379 P.2d at 93; see also I.C. §§ 72–1323, 72–1358, supra; California Employment Commission v. Sutton, 69 Cal.App. 2d 181, 158 P.2d 949 (1945); California Employment Commission v. MacGregor, 64 Cal.App.2d 691, 149 P.2d 304 (1944). As regards process to enforce a money judgment by a writ of execution, I.R.C.P. 69(a) provides:

" * * * [t]he procedure on execution, in *proceedings* supplementary to and in aid of judgment, and in *proceedings* on and in aid of execution shall be in accordance with the statutes of the state of Idaho." (Emphasis supplied.)

In the light of the foregoing authorities we are constrained to the view that the procedure prescribed by the Employment Security Law, and particularly by I.C. §§ 72–1358, 72–1359 and 72–1360(a) for the purposes of collecting the delinquent contributions from a covered employer, constitutes a "proceeding" within the contemplation of I.C. § 31–3212, supra; and that such section of the statute prohibits defendant from exacting the payment by plaintiff of the statutory fees which defendant seeks to collect.

The alternative writ of mandate is made permanent.

Costs to plaintiff.

KNUDSON, C. J., and McQUADE, McFADDEN and TAYLOR, JJ., concur.