501 P.2d 203

Raymond **WILLIAMS** and Mary Williams, husband and wife, Plaintiffs-Appellants,

v.

The **STATE** of Idaho and the Idaho Board of Highway Directors, Defendants-Respondents.

No. 10915.

Supreme Court of Idaho.

Sept. 22, 1972.

Webb, Pike, Burton & Carlson, Twin
Falls, for plaintiffs-appellants.

Faber F. Tway, Idaho Dept. of Highways, Legal Div., Boise, for defendants-respondents.

BAKES, Justice.

Raymond and Mary Williams, appellants herein, are the proprietors of Seddon's Meat Processing Company, located near Filer, Idaho, which consists of a slaughtering facility and a meat cutting plant. To accommodate the rerouting of U.S. Highway 30, the State of Idaho condemned that portion of the appellants' property which housed the slaughtering facility. Thus, in order to continue in the meat processing business, appellants must construct a new slaughtering plant in accordance with applicable state and federal regulations. This forced "relocation" prompted appellants to apply to the State Department of Highways (hereinafter referred to as the department) for relocation benefits as provided for by the Idaho Highway Relocation Assistance Act of 1969. I.C. §§ 40–2901 through 40–2913.

Appellants' application was denied by the department on April 1, 1970. The appeal from that administrative decision was effected by petition for review to the district court, purportedly in accordance with the mandates of I.C. §§ 40–2911, 67–5215. The State of Idaho and the Idaho Board of Highway Directors, respondents herein, moved to dismiss the petition, claiming that petitioner-appellants had failed to exhaust administrative remedies provided for in regulations adopted by the department in May, 1969.[1] On January 15, 1971, the district court ordered dismissal of appellants' petition, concluding that it lacked jurisdiction to conduct the review in the absence of appellants' exhaustion of administrative remedies.

The sole issue requiring resolution is whether the district court was correct in ruling that the application of the exhaustion doctrine precluded appellants from seeking judicial recourse from the initial administrative determination which denied them relocation benefits. Appellants attack the ruling with a two-faceted argument: (1) that the regulations delineating the avenues of review within the Department of Highways were invalid since those regulations were not "made generally available" to the public as required by law. Since, as appellants contend, the regulations were not adequately "published," they are not "available" administrative remedies which must be exhausted before judicial review can be sought; and (2) that the general rule requiring exhaustion of administrative remedies should not constitute an absolute prerequisite to judicial review, but should be circumvented where the "interests of justice" so dictate.

We agree that the regulations were not adequately disseminated to the public. For this reason, the district court's dismissal was erroneous.

■ It is a general and established rule of administrative law that parties must exhaust all administrative remedies before seeking judicial recourse. While the rule is not absolutely applied and may be departed from in unusual circumstances, (Bohemian Breweries v. Koehler, 80 Idaho 438, 332 P.2d 875 (1958), the rule should be deviated from only in extreme situations when the interests of justice would other-

1. These rules and regulations governing highway relocation assistance provide, *inter alia*, that a "displaced person" aggrieved by the Department of Highways determination may have his application reviewed by the District Highway Engineer upon written appeal within 60 days from the date the "displaced person" received notice of the determination from the department. If the displaced person is dissatisfied with the determination made by the District Highway Engineer, he may, within 30 days, appeal to the State Highway Engineer. Further appeals are available under the provisions of I.C. § 67–5201 *et seq.* Rules and Regulations Governing Highway Relocation Assistance to Persons Displaced from Real Property Acquired for State Primary or Secondary Highways or Federal Aid Highway Systems Within the State of Idaho as Adopted by the Idaho Board of Highway Directors, May 22, 1969.

wise be thwarted. *See* Barrington Manor Apartments Corp. v. United States, 392 F. 2d 224, 183 Ct.Cl. 312 (1968); *See also* State v. Concrete Processors, Inc., 85 Idaho 277, 379 P.2d 89 (1963); K. Davis, Administrative Law Treatise, § 20.01 (1958); 2 F. Cooper, State Administrative Law, 577–581 (1965). Finding herein no compelling circumstances for deviation from the rule, we are inclined to hold that the doctrine of administrative remedies is fully applicable. Although several rationales are commonly articulated,[2] the real basis for the rule in state courts is that it constitutes an expeditious "doctrine of self limitation which courts have evolved in marking out the boundary line between areas of administrative and judicial action." 2 F. Cooper, State Administrative Law, *supra,* at 573.

Appellant has asked us to consider the circumstances in this case as one of those "unusual circumstances" within the Bohemian Breweries v. Koehler doctrine. We decline to so hold. The application of that doctrine should be limited to those situations where requiring the exhaustion of administrative remedies would occasion delay which would cause irreparable injury regardless of the outcome of the proceedings. No such circumstances exist in this case.

■■■ However, before the doctrine of exhaustion of administrative remedies becomes applicable, the rules and regulations of the administrative agency must be properly published and made available for public inspection. One of the compelling reasons for the Idaho Administrative Procedure Act, I.C. § 67–5201 *et seq.,* was to require administrative agencies to make available information concerning its internal functionings. *Comment,* Idaho Admin-

istrative Agencies and the New Idaho Administrative Procedure Act, 3 Idaho L.Rev. 61 (1966); Handbook of the National Conference of Commissioners on Uniform State Laws 204 (1961). In accordance with this purpose, § 67–5202(a) requires the administrative agency to "make available for public inspection" all rules, written statements of policy, final orders, decisions and opinions. To give effect to this requirement, I.C. § 67–5202(b) provides:

"No agency rule, order, or decision is valid or effective against any person or party, nor may it be invoked by the agency for any purpose, until it has been made available for public inspection as herein required. This provision is not applicable in favor of any person or party who has actual knowledge thereof." [3]

In view of other statutory provisions in the act, our construction of the "make available" requirement is that it has two components. In order for an agency ruling or procedure to be given full force and effect, both components must be satisfied. First, the agency is required to file in its central office a certified copy of each rule adopted by it. I.C. § 67–5204. Second, under the provisions of I.C. § 67–5205 the agency is required to "publish" all effective rules adopted by such agency. It is with this publication requirement in I.C. § 67–5205 that we are herein concerned. The section provides:

"67–5205. *Publication of rules.*—(a) Each agency shall compile, index and publish all effective rules adopted by such agency. Compilations shall be supplemented or revised as often as necessary and at least once every 2 years.

(b) Compilations shall be made available upon request to officials of this state

---

2. Application of the doctrine is "concerned with underlying considerations such as the relative delay and expense, the necessity for taking factual determinations thereon, the nature of the agency . . . ." Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 179 A.2d 729 (1962). It is also suggested that the rule is akin to the rule of appeals from final

judgments. In advancement of the idea of discouraging piecemeal litigation, the doctrine of exhaustion fits consistently with the rule allowing appeals only from final judgments. 2 F. Cooper, *supra.*

3. There is no indication that appellants had actual knowledge of the regulations so that factor is not an issue in this appeal.

and to the state, district, and county law libraries free of charge, and to other persons at prices fixed by each agency to cover mailing and publication cost.

(c) The law libraries above mentioned shall keep and maintain a complete and current set of compilations for use and inspection by the public. The person in charge of each library shall discharge this duty.

. . . . . . .

(e) The word 'publish' as used herein shall mean to bring before the public, to print or cause to be printed, to issue, to disseminate, to put into circulation, but shall not be construed to require publication in a newspaper."

Respondent, in interpreting § 67–5205, urges that "publish" means no more than printing the rule or regulation at issue and making it available to the public upon request. Respondent also contends that it has no duty in regard to furnishing county law libraries with copies of its rules and regulations unless requested to do so by the person in charge of such library. According to respondent, the onus of seeing that the regulations are available rests, not with the administrative agency promulgating the regulations, but with the law librarian in the respective state, district and county law libraries. Considering the public information availability mandate of the Act, and the expansive definition of "publish" in I.C. § 67–5205(e) it is imperative that the agencies, in satisfying the "publication" portion of their duties, at least furnish state, district and county law libraries with complete sets of pertinent agency rules and regulations. Reading Sections 67–5202(b) and. 67–5205 together, we conclude that unless the administrative agency furnishes copies to each of the respective law libraries, its rules and regulations are without force and effect. I.C. § 67–5202(b); I.C. § 67–5205.

We are not unmindful of the presumption that government officials are presumed to have properly carried out or performed their official duties. *See* G.

Bell, Handbook of Evidence for the Idaho Lawyer, 247–48 (1957). However, the uncontroverted affidavit filed by appellants' attorney alleging that the regulations were not on file in the Twin Falls County Law Library was a sufficient rebuttal of that presumption. For the purposes of a ruling upon the defendants' motion to dismiss, the affidavit raised the factual issue of whether or not the rules and regulations were adequately published. The trial court could not rule as a matter of law that appellants had not complied with the agency regulations and exhausted its administrative remedy in view of the factual issue raised by the pleadings regarding the question of whether or not the regulations had been published.

In view of our strict adherence to the doctrine of requiring the exhaustion of administrative remedies, the public policy expressed by the legislature in requiring rules and regulations to be published should encourage, if not require, that administrative agencies attach to all preliminary orders instructions concerning the available administrative reviews of those orders. Such a practice of advising parties of their further administrative remedies is consistent with due process guarantees and our tradition that government operate in the open and not in secrecy. Other state agencies have followed such a procedure for years without any noticeable burden. The public will be better served by such a rule, and fewer disputes on procedural niceties will arise. The legislative purposes of the Idaho Administrative Procedure Act will best be served by the rule which we announce today requiring wide publication and dissemination of rules, regulations and procedures for administrative review, together with a strict requirement that all administrative remedies be exhausted before resort is had to the courts.

Judgment reversed and remanded. Costs to appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and SHEPARD, JJ., concur.