720 P.2d 640

**STATE of Idaho, Petitioner,**

v.

**The Honorable Peter D. McDERMOTT; and Susan Pulst, a real party in interest, Respondents.**

**Susan PULST, Counter-petitioner,**

v.

**STATE of Idaho and Bannock County, Idaho, a real party in interest, Counter-respondents.**

No. 16183.

Supreme Court of Idaho.

June 16, 1986.

Jim Jones, Atty. Gen., and Shad D. Priest, Deputy Atty. Gen., Boise, for petitioner State of Idaho.

R. Ted Israel, of McDermott, McDermott, Zollinger & Box, Pocatello, for respondent-counter petitioner Pulst.

Stephen G. Larsen, Chief Deputy Pros. Atty., Pocatello, for counter-respondent Bannock County.

BAKES, Justice.

Petitioner State of Idaho seeks a writ of mandate against respondents Judge McDermott and Susan Pulst (his court reporter) to have a transcript prepared by Pulst free of cost to the state for use in its appeal in the criminal case of *State v. Barlow*. In short, the Court must determine who is responsible for the costs of preparing a reporter's transcript when the state appeals in a criminal case. Having reviewed the pertinent statutory provisions, we conclude that the state is responsible for such costs. Therefore, we quash the petition for writ of mandate.

The writ of mandate sought in the present case involves the transcript in the state's appeal in *State v. Barlow*. In *Barlow* the defendant had been charged, *inter alia*, with felonies of failure to collect and pay required sales tax. At trial the state was successful in obtaining guilty verdicts from the jury on the felony counts. However, Judge McDermott granted defendant's motion for new trial. The state appealed the judge's decision and requested that a transcript of the case be prepared for its appeal to this court and that it be prepared free of cost pursuant to I.C. § 67–2301. Judge McDermott held that the state was *not* exempt from payment of the transcript fee permitted under I.C. § 1–1105. Judge McDermott found §§ 67–2301 and 1–1105 to be in conflict and resolved the conflict in favor of § 1–1105. The state then sought the writ of mandate which precipitated this case.

I

In 1921 the legislature enacted into law a statute exempting the state generally from paying fees to any state employee "for duties performed, or services rendered to or for the state," or any officer or agent thereof. 1921 Idaho Sess.Laws, ch. 63, § 1, p. 121. This 1921 legislation has not been directly amended since its enactment and, as currently codified at I.C. §̇ 67–2301, reads as follows:

"**67–2301. Exemption from payment of fees.**—No fees or compensation of any

kind (except the regular salary or compensation paid by the state to the officer, agent, or employee individually for his services) shall be charged or received by any state board, officer, agent or employee for duties performed or services rendered to or for the state or to or for any state board, officer, agent, or employee in the performance of his or their official duties, or to or for the state or any state board, officer, agent and employee in any action or proceeding in which they or any of them are parties."

The language of this provision is fairly straightforward and unambiguous and were this provision the sole statutory provision before this Court in the present matter, we would have little difficulty in finding for petitioner. We think it clear that the fee charged by a court reporter, such as respondent, for the preparation of a transcript for use on appeal is precisely the type of fee envisioned by § 67–2301. Indeed, in this regard we find little practical distinction between the fee charged by respondent in this case and the fee charged by a county recorder which was found to be an exempt fee as to the state in the case of *Garrett v. Cline*, 87 Idaho 456, 394 P.2d 157 (1964).[1]

Again, were I.C. § 67–2301 the only provision before the Court, we think it clear that the state would be exempt from paying the transcript fee charged by respondent. The state, like any employer, may expect an employee to perform all duties entailed in that employee's job description free of additional charge apart from the employee's salary.[2] The state's reliance on § 67–2301 is supported by that reasoning.

## II

Nevertheless, I.C. § 67–2301 is not the sole statutory provision applicable to the present action, nor is it the latest expression of the legislative will concerning, specifically, payment of transcript fees by the state.

The specific statutory provision governing transcript fees was initially enacted in 1891 and is currently codified at I.C. § 1–1105.[3] As currently written, this section does not specifically mention whether the state is required to pay the fee. Thus, on its face, though specifically addressing

1. Respondent apparently finds ambiguity in the term "compensation" as used in § 67–2301. We do not see the ambiguity. "Compensation" as used in I.C. § 67–2301 does not denote something different than "salary" or "fee," the two words preceding "compensation" and linked by the word "or." In both instances, "compensation" is used as a synonym, the word "or" indicating an equivalent. The most that can be said regarding the term "compensation" as used in § 67–2301 is that it is duplicative and unnecessary. With or without it, the meaning of § 67–2301 is clear, "No fees ... of any kind (except the regular salary ... paid by the state to the ... employee individually for his [or her] services) shall be charged or received by any state ... employee for duties performed or services rendered to or for the state...."

2. We express no opinion and leave open the question of whether the state may be required to pay additional compensation to an employee for "overtime" work. Counsel for petitioner has suggested that such may be required by the United States Supreme Court's recent holding in *Garcia v. San Antonio Metropolitan Transit Authority*, 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985).

3. "1-1105. Copy of record-Effect—Charge for furnishing.—1. It shall be the duty of each reporter to furnish, upon order of the court entered upon written application being made therefor by any attorney of record in a suit, or any party to a suit, in which a stenographic record has been made, a typewritten copy, or copies, of the record, or any part thereof, upon the payment by such attorney, or party, of the cost thereof, as provided in subdivision 2 hereof, to such reporter, which payment shall be retained by the reporter as part of his compensation and in addition to his salary allowed by section 1–1102, Idaho Code....

"2. That in all actions such reporter shall charge and receive, and retain as provided in subdivision 1 hereof, two dollars ($2.00) per page for the transcript to be prepared in the style and with the number of copies as directed by Rule of the Supreme Court; provided, however, that when such transcript is requested by a defendant or his attorney on an appeal in a criminal action where after conviction, it appears to the satisfaction of the district court that the accused is poor and unable to procure such transcript, the court must direct payment to such court reporter of the page charge in this subdivision provided, from the county treasury."

payment of transcript fees, § 1–1105 leaves uncontraverted the exemption contained in I.C. § 67–2301. Indeed, as currently written, I.C. § 67–2301 is arguably the more specific of the two statutory provisions because it specifically addresses the issue of whether the state is required to pay a fee normally charged the general public by one of its employees. Thus, at face value, there is no conflict between § 67–2301 and § 1–1105; § 67–2301 would control, and the writ would issue. However, the history of § 1–1105 clearly indicates a contrary legislative intent.

As first enacted in 1891, the predecessor of I.C. § 1–1105 contained specific language governing payment by the state of the transcript fee. "When such copy [transcript] is requested on behalf of the state ... *it must be furnished without payment of fees.*" 1891 Idaho Sess.Laws, § 5, pp. 233, 234 (emphasis added). The 1891 version completely exempted the state from payment of the fee in both criminal and civil appeals.

The statute was later amended in 1895, dropping the "without payment of fees" language and apparently requiring the state to pay a reduced fee. "When such copy [transcript] is requested on behalf of the state ... the stenographer [court reporter] shall receive a fee of ten cents [as opposed to fifteen cents] per hundred words therefor.... *Provided,* ... when so requested by the defendant or his attorney [in criminal cases] it shall be the duty of the ... reporter to furnish the state or its attorney a copy of such record, without further compensation therefor." 1895 Idaho Sess.Laws, § 5, pp. 69, 70 (emphasis in original).

In 1907, the legislature reversed its position again and reverted to the "free of charge" position initially taken in 1891. "When such copy is requested on behalf of the state ... the court reporter shall furnish such copy free of charge." 1907 Idaho Sess.Laws, § 2, pp. 542, 543.

However, a significant amendment to I.C. § 1–1105 occurred four years subsequent to the legislature's enactment of

§ 67–2301. The 1925 amendment to § 1–1105, though using different language, again exempted *all parties* from paying the fee in criminal appeals. "[I]n all actions *other than criminal actions,* such reporter shall charge and receive," his normal fee. 1925 Idaho Sess.Laws, ch. 111, § 1, p. 157 (emphasis added). The 1925 version maintained the state's exemption in civil cases by expressly providing "that in all civil cases ... in which any state officer in his official capacity, or any state board, in its official capacity, is a party, where a reporter's transcript is requested on behalf of the state ... such court reporter shall furnish a typewritten copy of such stenographic record ... free of any cost." *Id.* at 158. However, the most significant portion of the 1925 amendment, unmentioned in either petitioner's or respondent's briefs, is the following language. "*All acts and parts of acts in conflict with the provisions of this act are hereby expressly repealed.*" 1925 Idaho Sess.Laws, ch. 111, § 4, pp. 157, 160 (emphasis added). This language clearly expressed the legislative will at that time that I.C. § 1–1105 was the controlling provision governing the payment of transcript fees in appeals of either criminal or civil cases. By the legislature's own 1925 action, I.C. § 67–2301 (enacted in 1921) was no longer the controlling statute regarding the state's payment of transcript fees; in criminal appeals, I.C. § 1–1105 became the governing provision regarding fees for preparation of transcripts. This conclusion is borne out by the fact that since 1925 the legislature has made several changes regarding the payment by the state of transcript fees on appeal, and in every instance it was done by an amendment to I.C. § 1–1105. I.C. § 67–2301 has never been re-addressed by the legislature since its enactment.

In 1949 the governing statutory provision, I.C. § 1–1105, was again amended. While maintaining the state's exemption from payment of fees in civil appeals, the 1949 amendments specifically dropped the "other than criminal actions" language contained in the 1925 version. 1949 Idaho

Sess.Laws, ch. 255, § 2, pp. 515, 516. The effect of this deletion was to make all parties, including the state, liable for the costs of the transcript fee in criminal appeals.[4] Finally, in 1973, the legislature again amended I.C. § 1–1105, dropping the state's exemption for payment of the fees in civil appeals. 1973 Idaho Sess.Laws, ch. 171, § 1, p. 361. Thus, since 1949, under I.C. § 1–1105 the state has been required to pay the transcript fee in criminal appeals and likewise, since 1975, has been required to pay the fee in civil appeals. The legislature, by its own express action, in 1925, specifically removed I.C. § 67–2301 from the arena and has not returned to it since. In short, I.C. § 67–2301 is not in conflict with I.C. § 1–1105. Rather, § 67–2301 is simply inapplicable and § 1–1105 controls.

The petition for writ of mandate is quashed. Costs to respondent Pulst; no attorney fees.

DONALDSON, C.J., and SHEPARD, BISTLINE and HUNTLEY, JJ., concur.

---

**4.** The one exception expressly provided for by the 1949 amendment involves an appeal by an indigent criminal defendant, in which case the fee is to be paid by the county. 1949 Idaho Sess.Laws, ch. 255, § 2, pp. 515, 516. This was the first time such an exception was included in the statute, and it remains to this day.