(No. 7001. June 4, 1943.)

WASHBURN-WILSON SEED COMPANY, a corporation, Appellant, v. JEROME COUNTY, a body politic and corporate and a legal subdivision of the State of Idaho; and WILLIAM N. HARDWICK, as Assessor and Ex-Officio Tax Collector of Jerome County, Respondents.

[138 Pac. (2d) 978.]

Rehearing Denied July 3, 1943.

(1)

Frank L. Stephan for appellant.

R. H. Seeley for respondents.

DUNLAP, J.—The two cases involved here, being District Court Civil Case No. 2230 and District Court Civil Case No. 2501, were joined for the purpose of this appeal by order heretofore made and entered by this court. The facts in each case are similar and have been stipulated. Appellant is an Idaho corporation with its principal place of business at Moscow, Idaho, and is engaged in the business of breeding, growing and selling at wholesale, peas, beans, and field seeds in, among other places, Jerome County; it owns and operates at Hazelton, in said county, a warehouse for the purpose of storing and cleaning peas and beans and other grains and field seeds belonging to it.

In 1936 respondent William N. Hardwick, then assessor of Jerome County, Idaho, assessed peas and beans belonging to appellant in its warehouse at Hazelton, Jerome County, Idaho, for a valuation of $8,000.00. A tax was levied thereon in the sum of $485.70. In 1940 appellant's peas and beans at said place were likewise assessed by said assessor in the sum of $3,000.00 and the tax levied was the sum of $207.30. The taxes for both years were paid by appellant under written protest lodged with the said assessor as the collector of personal property taxes, prior to, or at the times of payment. Appellant made no appearance or complaint to the County Board of Equalization with respect to the 1936 tax, but did appear before said board on December 2, 1940, prior to payment, with respect to the 1940 tax, and set out its protest and objections to the tax, as levied. This protest was denied by the board.

These suits were then filed for recovery of the sums paid and plaintiff prays judgment against said defendants and each of them, for the sums so paid together with interest at 6% per annum from and after the dates of payment until paid.

The following pertinent facts were stipulated, to-wit: Great quantities of similar crops in the possession of individuals, partnerships and corporations engaged in the business of farming within and without Jerome County were not assessed for said years. That it was the practice of the Jerome County taxing officials to make no assessment and levy no tax whatsoever against peas and beans and other grain and field seeds in the possession of and owned by individuals, partnerships and corporations engaged in the business of farming in said county; that taxing officials of said county did assess peas and beans belonging to all individuals, partnerships and corporations engaged in the business of selling peas and beans in said county, as merchandise, on the same basis as the peas and beans owned by appellant. That respondent assessor attempted in good faith to assess all property in Jerome County subject to taxation in compliance with requirements of the State Board of Equalization, and the statutes of the state, and in accordance with forms prepared by and under the supervision of the State Board of Equalization, and attempted to treat all persons fairly and justly, and without discrimination, and particularly persons within the same class. That all the peas and beans so assessed and taxed in said

years to appellant, were grown in Jerome and other counties during the preceding years for which the tax was levied, under what is known as "Growers' Regular Contract", being agreement between appellant and growers in said counties, under which contracts title to the seed and crops were at all times retained by appellant.

The conclusions are similar in both cases, and those to which objections are made, are in effect as follows: (1) That the appellant was not a farmer and not engaged in farming; (2) That appellant's peas and beans were properly classified as "merchandise"; (3) That appellant is in the same class, so far as taxes are concerned, as other warehousemen in Jerome County engaged in the business of buying and selling beans and peas and that said classification is reasonable; (4) That appellant was required to seek redress from the Board of Equalization of Jerome County as a condition precedent to its right to recover 1936 taxes paid under protest, unless the assessment was void ab initio, and that neither of said assessments were void ab initio, or at all; (5) That appellant is not entitled to recover the taxes paid under protest; (6) That respondents are entitled to a judgment and decree that appellant take nothing by its actions herein and that said actions be dismissed and respondents have and recover of and from appellant their costs and disbursements.

We desire to first direct attention to appellant's contention which is ably argued by its counsel, that these assessments were void ab initio, which, as heretofore stated, is contrary to the conclusion of the trial court on the question. It is clear that appellant's peas and beans were levied, assessed and taxed as merchandise, and as stipulated, on the same basis of valuation as peas and beans belonging to all of the individuals, partnerships and corporations engaged in the business of buying and selling peas and beans in Jerome County. Under the provisions of sec. 61-102, I.C.A., it is required that all real and personal property subject to assessment and taxation be assessed at its full cash value for taxation with respect to its valuation at 12 Meridian on the second Monday in January in the year for which such tax is levied, except as otherwise provided. No contention however, is made in these cases that appellant's property, so assessed for tax purposes, was assessed in excess of its actual value as prescribed by this section.

6

Certain property is exempt from taxation by the laws of our state (sec. 61-105, I.C.A.) but it is not claimed by appellant that its property, involved here, is so exempt. It was therefore, personal property subject to taxation under sec. 61-109, I.C.A., providing as follows: "Personal property for the purposes of taxation shall be construed to embrace and include, without especially defining and enumerating it, all goods, chattels, stocks and bonds, equities in state lands, easements, reservations, and all other matters and things of whatsoever kind, name, nature or description, which the law may define or the courts interpret, declare and hold to be personal property under the letter, spirit, intent and meaning of the law, for the purposes of taxation, and as being subject to the laws and under the jurisdiction of the courts of this state."

It is apparent, therefore, that appellant's peas and beans were taxable, and that the acts of assessment and levy of the taxes thereon by the taxing officials were within their jurisdiction. (*Weiser Nat'l Bank v. Jefferys*, 14 Ida. 659, 93 P. 23.)

It appears that respondent assessor did not assess or attempt to assess peas and beans which farmers and other growers had grown, and which at the time of these assessments they had in their possession. It is alleged in the complaint that such peas and beans were of the identical kind and character as appellant's and escaped taxation entirely, but such fact would not make appellant's levied taxes wholly void, since its property was admittedly subject to taxation as personal property under the provisions of our statutes, above cited. The fact that property of like character escaped taxation, would not relieve appellant from paying its tax based on a proper assessment of its property. (*City of Los Angeles v. Western Union Oil Co.*, (Calif.) 118 P. 720; *Hammond Lbr. Co. v. Los Angeles County* (Calif.) 285 P. 896; *Doty Lbr. & Shingle Co. v. Lewis County*, (Wash.) 111 P. 562; *Missouri v. Dockey*, 191 U.S. 165, 63 L.R.A. 571, 26 R.C.L., p. 368, sec. 325; *Lowell v. Middlesex*, 152 Mass. 372, 25 N.E. 465, 9 L.R.A. 356; *Albuquerque Nat'l Bank v. Perea*, 147 U.S. 87, 13 N.W. 194, 37 L. Ed. 91; *German Nat'l Bank v. Kimball*, 103 U.S. 732, 26 L. Ed. 469.) It is clear that appellant's property in these cases was subject to assessment and taxation and under the circumstances disclosed by the stipulations, the most that can be said is that the taxes levied upon it were merely

excessive and not wholly illegal. (*Bordner v. Board of County Commissioners of Baca County*, (Colo.) 18 P. (2d) 323.) It is our conclusion that the taxes imposed upon appellant's peas and beans, and involved here, were not void ab initio.

Appellant not having protested or complained before the Board of Equalization of Jerome County with reference to the 1936 assessment, and not having appealed from the adverse decision of that board to its complaint as to the 1940 assessment, we are called upon to consider its right to apply directly to the courts for recovery of the taxes so paid for these two years.

Art. 7, sec. 12, of our constitution, in substance provides in part that the Board of County Commissioners for the several counties of the state shall constitute Boards of Equalization for the respective counties, whose duty it shall be to equalize the valuation of the taxable property in the county, under such rules and regulations as shall be prescribed by law.

Under our statutes these county Boards of Equalization are required to meet for the purpose of equalizing the assessments of personal property on the second Monday of July in each year and are to continue in session from day to day and shall determine complaints in regard to the assessment of such property and must complete such business and adjourn as a Board of Equalization on the third Monday of July, provided they may adjourn prior thereto if they have completed all their business as such board. (Sec. 61-401, I.C.A.) It is their duty to enforce and compel a proper classification and assessment of all property required to be entered upon the assessment rolls; they must determine all complaints in regard to the assessed value of any property entered upon the rolls; they are given power to correct any valuation, etc. (Sec. 61-402, I.C.A.); they may direct and require the assessor to assess any property required to be entered upon the rolls which is known to have escaped assessment. (Sec. 61-403, I.C.A.) While in session they may require the attendance of county officials and may subpoena witnesses and hear evidence in all matters relating to the assessment of property. (Sec. 61-408, I.C.A.)

An appeal from any act, order, or proceeding of the board to the courts is provided by sec. 61-1910, I.C.A.,

8

reading as follows: "Any time within twenty days after the adjournment of any meeting of the Board of County Commissioners, sitting as a Board of Equalization, an appeal may be taken from any act, order or proceeding of the board, by any person aggrieved thereby, or by any taxpayer of the county when he deems any such act, order or proceeding illegal or prejudicial to the public interest, but nothing in this section shall be construed so as to suspend the payment of taxes pending said appeal."

Thus, our statutes provide a remedy against an excessive erroneous or improper assessment of property by county officials, by proceedings before the County Board of Equalization, and the right to appeal from its decision to our courts.

■ It is a well settled rule of law that statutory remedies of this nature are exclusive and that a taxpayer may not maintain an action against a county for a general money judgment for the amount of taxes erroneously or illegally exacted, where the tax is not absolutely void. (61 C.J., p. 996, sec. 1274; Black on Tax Titles (2d Ed.), sec. 142; *Belknap Realty Co. v. Simineo*, (Mont.) 215 P. 659; *First National Bank of Temple v. Achenbach*, (Okla.) 237 P. 574; *Busey v. Prehistoric Oil & Gas Co.*, (Okla.) 191 P. 1033; *First National Bank of Greeley v. Board of County Commissioners of Weld County*, (Colo.) 264 U.S. 450, 44 S. Ct. 385, 68 L. Ed. 784; *Gorham Mfg. Co. v. State Tax Commissioner of New York*, 266 U.S. 265, 45 S. Ct. 80, 69 L. Ed. 279; *Stanley v. Board of Supervisors of the County of Albany*, 121 U.S. 535, 30 L. Ed. 1000; *First National Bank of Norman v. Briggs*, (Okla.) 230 P. 860; *Cotton v. Blake*, 270 P. 1105, (Okla.) ; *Keaton v. Bonaparte*, (Okla.) 50 P. (2d) 404; *Wilson v. Wiggins*, (Okla.) 54 P. 716; *Hammond Lbr. Co. v. Los Angeles County*, 285 P. 896; *Los Angeles Shipbuilding and Dry Dock Corp. v. Los Angeles County*, 71 P. (2d) 282; *Bordner v. Board of Commissioners of Baca County, supra; Board of County Commissioners of City and County of Denver v. Boettcher. et al.*, (Colo.) 63 P. (2d) 447; *People v. District Court of Eighth Judicial Dist.*, (Colo.) 287 P. 849; *Southern California Hardwood & Mfg. Co. v. Los Angeles County*, (Calif.) 194 P. 62; *Hodgins v. Board of Commissioners*, (Kans.) 255 P. 46; *Salthouse v. Board of Commissioners*, (Kans.) 224 P. 70; 61 C.J., p. 997, sec. 1275.)

In support of its argument in opposition to the application of this general rule to the facts in the cases at bar, appellant has cited many authorities, all of which we have carefully considered, but under the circumstances related in the stipulations and in view of our statutes which set up this administrative County Board of Equalization, for the purpose of hearing and determination of the questions presented here, and which are herein cited, these authorities are not persuasive and the facts in many of these cases cited by appellant, are distinguishable from the facts here, and as a matter of fact, some of appellant's cases and authorities adhere to the general rule that where a tax is not void ab initio, and the legislature has provided an administrative board with power to hear and determine these questions with right of appeal to the courts from these decisions, that such remedies are exclusive. (*Hodgins v. Board of Commissioners*, (Kans.) supra; *Salthouse v. Board of Commissioners*, (Kans.) supra.)

In the case of *Gorham Mfg. Co. v. State Tax Commissioner*, supra, the United States Supreme Court said: "A taxpayer who does not exhaust the remedy provided before an administrative board to secure the correct assessment of a tax, cannot thereafter be heard by a judicial tribunal to assert its invalidity."

In the case of *Cotton v. Blake*, supra, the Oklahoma Court, quoted from the prior decision in *First National Bank of Temple v. Achenbach, et al.*, 110 Okla. 246, 237 P. 574, as follows: "The appellants rely on authorities which authorize courts to take jurisdiction of such matters where it is alleged that the officer assessing taxes has intentionally, purposely and systematically under assessed other property, etc. And this, we think is a sufficient allegation to give courts of general jurisdiction, jurisdiction of such matters in states where there are no statutory provisions specifically providing a remedy such as our statutes provide, but where the legislature enacts a law creating a Board of Equalization and sets forth the procedure that aggrieved taxpayers may pursue, then we hold that the application for an adjustment or equalization to the assessor and board of equalization is a condition precedent to the rights of the aggrieved party to maintain his cause in the District Court." Further, the court said: "We hold that fraud as alleged was not sufficient to excuse or deprive plaintiff from relief through the board and appeal therefrom as provided by statute."

In *Wilson v. Wiggins, et al.,* (Okla.) 54 P. 716, the court said: "The petition in this cause does not allege that the plaintiff made any showing, under oath or otherwise, to the assessor, that the property had been assessed for taxation in the state of Texas for the same year. It simply alleges that, five months after the assessment, plaintiff made application to the county commissioners of Woodward county for an abatement of the taxes, showing to said board that the cattle had been listed for taxation and taxed, in the state of Texas for the year 1897 before being brought to this territory. * * * Where the statute vests in officers or boards authority to hear complaints and correct errors or grant relief to persons aggrieved in tax proceedings, the remedy must be sought there; and a party aggrieved cannot invoke the powers of a court of equity when he has not presented his cause of complaint to the tribunal or officer created by statute, and authorized to hear the same and grant proper relief. Assessors are quasi judicial officers when acting within the sphere of their jurisdiction and their assessments, when made, become judgments to be enforced by a warrant in the nature of a special execution. Their judgments can be reviewed by a court of equity only in an action for fraud, mistake or other cause giving jurisdiction to courts of equity. (*Railroad Co. v. Nolan,* 48 N.Y. 513.) There is no more reason for entertaining a suit in equity to review the judgment of an assessor than there would be where, in an action for the recovery of money, a party had a judgment against him upon an erroneous ruling of the law. (*Susquehanna Bank v. Board of Supervisors of Broome County,* 25 N.Y. 312.) * * * The plaintiff presents in this case no grounds for equitable relief. If the property was assessed and taxes levied thereon without his knowledge or an opportunity for him to present his claim for exemption to the assessor, or if, by fraud or mistake of the assessor, he has been deprived of his opportunity to show that he had been elsewhere taxed, some grounds for the interference of the courts could be shown; but the plaintiff admits that he had knowledge of the assessment, and that the same was made by the assessor without plaintiff's consent and against his protest. He refused to present his proofs of his right to exemption to the only officer authorized by law to receive such proofs, and to act thereon. He presented them months afterwards to a tribunal not vested by statute with any authority, to adjudicate, and if it had

authority, plaintiff neglected to appeal from the order of the board refusing his application and comes into a court of equity upon this record and seeks to enjoin the collection of the tax."

The reason for the inapplication of this general rule is stated by the California District Court of Appeals in the case of *Los Angeles Shipbuilding and Dry Dock Corp. v. Los Angeles County,* supra, as follows: "If the property is the proper subject of taxation, as here, but not taxable because it possesses no taxable value, an appeal to the board of equalization would still lie even though the board might reduce its assessed value to zero. The question would still be: 'What is the taxable value?' and not: 'Is the property of a class which is not subject to taxation?'. It should not be forgotten that the requirement of appeal to the board of equalization in cases of overvaluation in assessments for tax purposes is grounded in an important public policy. In fixing the tax rate, the board of supervisors must perform a mathematical calculation in which the sum of the estimated expenditures for the ensuing fiscal year is applied to the total assessed valuation of the taxable property. If the latter figure becomes a variable, the possible confusion in the fiscal affairs of the county would be incalculable. In view of this fact, the courts should be, as they have been, slow to extend the cases in which recourse to the board of equalization is not made a prerequisite to the recovery of taxes paid."

In view of our conclusions on the assignments herein expressed, we do not think it necessary to specifically notice the other assignments of error. It is sufficient to say that under the circumstances, the judgments, and each of them, must be, and hereby are, affirmed, with costs to respondents.

Holden, C.J., Ailshie, Budge and Givens, JJ., concur.