499 P.2d 1256

Wayne GREVER and Noreen Grever, husband and wife, Plaintiffs-Appellants,

v.

IDAHO TELEPHONE COMPANY, Defendant-Respondent.

No. 11018.

Supreme Court of Idaho.

July 28, 1972.

Ward E. Hower, Cascade, for plaintiffs-appellants.

Marcus & Marcus, Boise, for defendant-respondent.

McQUADE, Chief Justice.

Since 1969 Wayne and Noreen Grever, plaintiffs-appellants, have operated a hotel and resort business known as the Ferncroft Lodge in west-central Idaho. While plaintiffs' predecessor in interest was operating the lodge in 1967, the defendant's predecessor, Ben Telephone Company, discontinued telephone service pursuant to an agreement with plaintiffs' predecessor. After the Grevers acquired the lodge in June of 1969, they requested that the defendant restore telephone service. Defendant not only refused, but in May, 1970, it removed the lodge's telephone line, facilities and connections. The complaint alleges that defendant now demands that plaintiffs pay a line extension charge of more than $3,000 as a condition precedent to restoring service.

Plaintiffs allege that the refusal to restore service and removal of the telephone line were without authority of law and not due to any fault or cause on their part and in breach of the defendant's legal duty as a common carrier of telephone communications.

In June, 1971, plaintiffs applied in district court for writ of mandate to compel the providing of service. Defendant moved for dismissal on the following grounds: (1) that the Idaho Public Utilities Commission had original, exclusive jurisdiction, and (2) that plaintiffs failed to exhaust their administrative remedy through the Commission. Relying on the latter ground, the district court granted the motion to dismiss and said: "it appears to the Court that there is a plain, speedy and adequate remedy available to the plaintiffs by filing a complaint with the Public Utility Commission * * *."

The Idaho Legislature has vested the Idaho Public Utilities Commission with power and jurisdiction to supervise and regulate every public utility in the state and to do "all things necessary to carry out

the spirit and intent of the provisions" of the Public Utilities Law.[1] A corporation becomes subject to regulation by the Idaho Public Utilities Commission as a public utility when the business of the corporation becomes devoted to public use [2] or when it holds itself out as ready, able and willing to serve the public or some portion of the public.[3] It is unquestioned that the defendant, Idaho Telephone Company, is a public utility, and is therefore subject to regulation and supervision by the Idaho Public Utilities Commission.

The issue involved in this case is whether a party seeking to compel telephone service from an unwilling public utility must initiate his action in the appropriate administrative agency and then exhaust the administrative remedies available through the agency before applying for judicial relief. We answer this question in the affirmative and hold that the district court did not err in denying plaintiffs' application for a writ of mandamus.

In view of the fact that the Idaho Public Utilities Commission has been vested with jurisdiction to regulate and supervise public utilities in the state,[4] it has been given power to "prescribe rules and regulations for the performance of any service or the *furnishing of any commodity supplied by a public utility*," [5] and it is the duty of the Commission to assure that adequate service is furnished.[6] The Idaho Public Utilities Commission is the body that has primary jurisdiction in matters such as the case at bar and that the plaintiff must exhaust his administrative remedies before seeking judicial relief.

A leading authority in the field of administrative law has written: "The doc-trine of primary jurisdiction determines whether the court or the agency should make the initial decision." [7] The doctrine of primary jurisdiction is not an inflexible mandate but rather is predicated on an attitude of judicial self-restraint, and is generally applied when the court believes that considerations of policy recommend that the issue be left to the administrative agency for initial determination.[8]

The following quote from Davis's Treatise on Administrative Law is helpful:

"The principal reason behind the doctrine of primary jurisdiction is not and never has been the idea that 'administrative expertise' requires a transfer of power from courts to agencies, although the idea of administrative expertise does to some extent contribute to the doctrine. *The principal reason behind the doctrine is recognition of the need for orderly and sensible coordination of the work of agencies and of courts.* Whether the agency happens to be expert or not, *a court should not act upon subject matter that is peculiarly within the agency's specialized field* without taking into account what the agency has to offer, for *otherwise parties who are subject to the agency's continuous regulation may become the victims of uncoordinated and conflicting requirements*" [9]

The subject matter of the case at bar is within the specialized field of the Idaho Public Utilities Commission, therefore it is that body, rather than the courts, that must make the initial determination. In a leading case, Fogelsville & Trexlertown Elec. Co. v. Pennsylvania Power and Light Co.[10] the Supreme Court of Pennsylvania said that "The tribunal of first instance as

1. I.C. § 61–501.

2. Stoehr v. Natatorium Co., 34 Idaho 217, 200 P. 132 (1921).

3. Humbird Lbr. Co. v. Public Utilities Comm., 39 Idaho 505, 228 P. 271 (1924).

4. I.C. § 61–501.

5. I.C. § 61–507; *see also* Coeur d'Alene v. Public Utilities Comm., 29 Idaho 508, 160 P. 751 (1916).

6. Application of Pacific Tel. & Tel. Co., 71 Idaho 476, 233 P.2d 1024 (1951).

7. 3 Davis, Administrative Law Treatise § 19.01, p. 2 (1958).

8. Cooper, State Administrative Law 564–565 (1965).

9. *Supra,* note 7, at p. 5 (emphasis added).

10. 271 Pa. 237, 114 A. 822 (1922).

to relations between public service companies and the public is the commission, not the court * * *."[11] Requiring litigants, in most instances, to resort to the administrative agency equipped to handle such problems will attain uniformity of regulatory laws and will result in orderly coordination between the agencies and the courts.

▮ Not only must a problem within the specialized field of the administrative agency be first presented to the agency rather than the courts, but the doctrine of exhaustion of administrative remedies generally requires that the case run the full gamut of administrative proceedings before an application for judicial relief may be considered.[12]

This Court has had occasion to deal with the exhaustion doctrine in Bohemian Breweries v. Koehler,[13] where the Commissioner of Law Enforcement sought to revoke a brewery's license. The brewery obtained a temporary injunction against the agency and the agency appealed to this Court claiming that the district court had no jurisdiction of the subject matter until the administrative remedies had been exhausted. In affirming the action of the district court this Court said:

"While as a general rule administrative remedies should be exhausted before resort is had to the courts to challenge the validity of administrative acts, such rule is not absolute and will be departed from where the interests of justice so require, and the rule does not apply unless the administrative agency acts within its authority."[14]

▮ In relaxing the doctrine of exhaustion this Court held that the rule will be departed from under certain circumstances, first, where the interests of justice so require and secondly, where the agency acts outside its authority. In *Bohemian, supra,* the Court action was proper because the agency was attempting, without authority, to revoke the brewery's license to sell its product in this state. Such arbitrary action by the agency would have caused *Bohemian Breweries* irreparable injury as they would have been precluded from conducting business in this state, whereas in the case at bar the plaintiff is not facing revocation of its business license but rather is inconvenienced in the operation of its business by the absence of telephone service.

In a recent decision[15] determining the status of a petitioner under the Selective Service Act the United States Supreme Court discussed the exhaustion doctrine and said:

"A primary purpose is of course, the avoidance of premature interruption of the administrative process. The agency, like a trial court, is created for the purpose of applying a statute in the first instance. Accordingly, it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based. And since agency decisions are frequently of a discretionary nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise. And of course it is generally more efficient for the administrative process to go forward without interruption than it is to permit the parties to seek aid from the courts at various intermediate stages. * * * Closely related to the above reasons is a notion peculiar to administrative law. The administrative agency is created as a separate entity and invested with certain powers and duties. The courts ordinarily should not inter-

---

11. 114 A. 822, at 824; *see also* Denison Mutual Telephone Co. v. Kendall, 195 Kan. 227, 403 P.2d 1011, 1015 (1965).

12. *Supra,* note 8 at 572; *see also* State v. Concrete Processors, Inc., 85 Idaho 277, 379 P.2d 89 (1963).

13. 80 Idaho 438, 332 P.2d 875 (1958).

14. *Id.,* at 446, 332 P.2d at 879; *see also* State v. Concrete Processors, Inc., *supra* note 12.

15. McKart v. United States, 395 U.S. 185, 89 S.Ct. 1657, 23 L.Ed.2d 194 (1969).

fere with an agency until it has completed its action or else has clearly exceeded its jurisdiction." [16]

The district court did not err in denying plaintiffs' application for a writ of mandate to compel the defendant to restore telephone service. For reasons set out above plaintiffs should have initiated their action in the administrative agency and must exhaust administrative remedies before seeking court relief.

Judgment affirmed. Costs to respondent.

McFADDEN, DONALDSON and BAKES, JJ., and MARTIN, District Judge, concur.

16. 395 U.S. at 193–194, 89 S.Ct. at 1662–1663, 23 L.Ed.2d 194.