613 P.2d 934

Rudolph DICKERSON, Barbara Gray, and June Orr, Individually and on behalf of all other persons similarly situated, Plaintiffs-Appellants,

v.

William CRUTCHER, Individually and in his official capacity as Director of the Disability Determinations Unit, Disability Determinations Unit; A. L. Alford, Janet S. Hay, Cheryl Hymas, Clint Hoops, J. P. Munson, Leon D. Seppi; John W. Swartley and Roy E. Truby, Individually and in their official capacity as members of the Idaho State Board of Education and Idaho State Board of Education, Defendants-Respondents.

No. 13093.

Supreme Court of Idaho.

July 2, 1980.

Marc M. McGregor, Idaho Legal Aid Services, Inc., Coeur d'Alene, for plaintiffs-appellants.

David H. Leroy, Atty. Gen. and Kenneth L. Mallea, Deputy Atty. Gen., Boise, for defendants-respondents.

DONALDSON, Chief Justice.

This is an appeal from a memorandum decision and order dismissing plaintiffs' class action complaint.

The named plaintiffs-appellants are persons whose claims for Social Security Administration Disability Insurance Benefits (hereinafter, benefits) were denied by defendant-respondent Idaho Disability Determinations Unit (hereinafter, DDU). DDU is an entity which, in performance of its obligation under a contract with the Social Security Administration, Department of Health, Education and Welfare (hereinafter, SSA), collects medical, social and vocational evidence regarding claims made at the local SSA office. After collecting and reviewing this evidence, DDU makes the initial determination whether the claimant is under a "disability" as established by federal statutes, regulations and interpretive judicial opinion. Having made that determination, DDU then by letter informs the claimant and SSA of such determination. An unsuccessful claimant is entitled to a redetermination by the DDU, and if dissatisfied thereby, may bring the matter before an Administrative Law Judge of the SSA's Bureau of Hearings and Appeals for a *de novo* hearing with the attendant procedural due process. Subsequent appeals may be taken to the Appeals Council of the

SSA's Bureau of Hearings and Appeals and thereafter to the appropriate United States District Court. 42 U.S.C. §§ 401 et seq.; 20 C.F.R. §§ 404.901 et seq. (as in effect in 1978).

DDU is authorized to make periodic reviews of a claimant's disability status to ascertain his or her continuing eligibility for benefits. If upon such periodic review the DDU determines the claimant is no longer disabled and is therefore no longer eligible for benefits, the claimant may pursue further administrative review as in the initial determination.

Pursuant to the agreement between DDU and SSA, the DDU in making determinations of disability is to apply the term "disability" "in conformity with Sections 216(i) and 223 of the [Social Security] Act, the regulations issued pursuant thereto, and such standards as may be promulgated by the Secretary [of SSA]." Section 322.2 of the Disability Insurance State Manual, promulgated by the United States Department of Health, Education and Welfare for use by the states, provides in relevant part:

"For pain to form the basis of a determination of a 'disability,' the pain must be associated with a medically determinable physical or mental impairment."

Each of the named plaintiffs submitted claims with DDU, alleging pain as the basis of the disability. DDU made initial determinations of no disability as to each claim, and adhered to that determination after reconsideration.

Before seeking and obtaining a hearing before an Administrative Law Judge, plaintiffs sought, in First District Court, a declaration of invalidity and an injunction against further application by DDU of the rule precluding consideration of subjective evidence of pain in determining disability.

Respondent DDU moved to dismiss the complaint. The district court, in granting the motion to dismiss, ruled that the named plaintiffs had failed to exhaust their administrative remedies before seeking judicial relief.

At some point after this action was instituted, plaintiffs brought the matter before an Administrative Law Judge, who reversed the DDU determination of no disability and awarded plaintiffs SSA disability income benefits, retroactive to the date of initial application therefor.

The named plaintiffs appeal from the order granting defendants' motion to dismiss, contending the court erred in ruling the requirement of exhaustion of administrative remedies had not been met. In addition, they urge their claims have not been rendered moot by the Administrative Law Judge's award of full benefits retroactive to the date of claimants' initial application therefor. In view of our decision in this case, we do not reach or consider the possibility of mootness.

The first issue presented is whether the district court erred in dismissing appellants' complaint for having failed to exhaust available administrative remedies. Appellants contend that after DDU adhered to its initial determination of no disability, based upon DDU's policy or rule against consideration of subjective evidence of pain, there were no further administrative remedies available because the Administrative Law Judge was not empowered to enjoin subsequent application by DDU of its rule. The Administrative Law Judge's award of full benefits does not remedy the conduct of which appellants complain, the argument goes, because DDU can theoretically terminate benefits after a periodic review by again applying its rule against consideration of subjective evidence of pain.

We are not persuaded by appellant's argument. The reasoning of the United States Court of Appeals for the Seventh Circuit in *Hunt v. Commodity Futures Trading Com'n.*, 591 F.2d 1234 (7th Cir. 1979), denying judicial relief sought prior to completion of the administrative process, is directly applicable here. The court there stated:

"It is a 'long-settled rule of judicial administration that no one is entitled to judicial relief for a *supposed or threatened* injury until the prescribed adminis-

trative remedy has been exhausted.' *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50–51, 58 S.Ct. 459, 463, 82 L.Ed. 638 (1938). *See also, e. g., Rosenthal & Co. v. Bagley*, 581 F.2d 1258 at 1259 (7th Cir. 1978). *Squilacote v. International Brotherhood of Teamsters (Teamsters I)*, 561 F.2d 31, 37–40 (7th Cir. 1977); *Grutka v. Barbour*, 549 F.2d 5 (7th Cir.), *cert. denied*, 431 U.S. 908, 97 S.Ct. 1706, 52 L.Ed.2d 394 (1977); *Frey [v. Commodity Exchange Auth.*, 547 F.2d 46, 49–50 (7th Cir. 1976)]. This rule prevents courts from precipitously reviewing cases which, if the administrative process is allowed to run its course, may result in determinations favorable to a petitioner, thereby rendering his objections moot. . . . And the exhaustion doctrine curbs frequent, litigious interference with the administrative procedures established by Congress for achieving the agency's goals. *Rosenthal, supra*, at 1261; *Teamsters I, supra*, at 38–39." (emphasis added) 591 F.2d at 1236.

*Accord, State of California ex rel. Christensen v. F.T.C.*, 549 F.2d 1321 (9th Cir. 1977); *Grever v. Idaho Tel. Co.*, 94 Idaho 900, 499 P.2d 1256 (1972).

The present case is a monument to the soundness of the rule. Claimants, denied benefits at the first stage of a detailed administrative process, attempted to short-circuit the entire remainder of that process by seeking immediate judicial declaratory and injunctive relief in state district court. When the district judge declined to short the administrative circuit, claimants then proceeded to the second stage of the process and presented their claims to the Administrative Law Judge, who awarded them the full benefits sought from DDU in the first instance. The light should have come on at that point. However, not to be sidetracked by complete success, claimants have appealed the district court's dismissal on the theory that someday DDU might, during a periodic review, apply the challenged policy against consideration of subjective evidence of pain and terminate claimants' benefits, rendering the relief granted by the Administrative Law Judge inadequate. However,

in that event, claimants would again have recourse to the administrative process which, if uninterrupted, could again obviate the need for judicial relief. It is apparent the district court properly applied the doctrine of exhaustion of remedies in dismissing appellants' complaint.

The judgment of the district court dismissing appellants' complaint is affirmed. Costs to respondent.

SHEPARD, BAKES, McFADDEN and BISTLINE, JJ., concur.