804 P.2d 294

**FAIRWAY DEVELOPMENT COMPANY, Plaintiff–Appellant,**

v.

**BANNOCK COUNTY, Idaho; Lyle Leslie, Bannock County Assessor; Vivian Crozier, Bannock County Treasurer; Tom Katsilometes, Carolyn Meline and George Shiozawa, Bannock County Commissioners, Defendants–Respondents.**

No. 18073.

Supreme Court of Idaho,
Idaho Falls, May 1990 Term.

Nov. 28, 1990.

Rehearing Denied Feb. 6, 1991.

Peterson, Moss, Olsen, Meacham & Carr, Idaho Falls, for plaintiff-appellant. Gregory P. Meacham, argued.

Larry J. Echohawk, Pros. Atty., Michael D. Murphy, Deputy Pros. Atty., Pocatello, for defendants-respondents. Michael D. Murphy, argued.

MAY, Justice, Pro Tem.

This is an appeal from the decision of the District Court that it lacked subject matter jurisdiction over appellant's tax claims. The decision of the district court was based upon the fact that appellant had failed to exhaust its administrative remedies pursuant to Idaho case and statutory law. The issues presented are:

1. In a dispute over the amount of tax assessments, does failure to exhaust administrative remedies deprive the

district court of subject matter jurisdiction?

We hold that it does.

2. Can parties to an action confer subject matter jurisdiction upon a district court if it in fact it does not exist?

We hold they cannot.

3. Does I.C. § 63–2213 permit an appeal of an action to a district court despite failure to exhaust administrative remedies?

We hold it does not.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

The relevant facts of this case do not appear to be in dispute. Appellant owned an apartment complex in Bannock County, Idaho, hereafter referred to as "Fairway Estates". In October 1978, appellant filed with Bannock County a Declaration of Condominium. This Declaration changed the classification of Fairway Estates on the Bannock County tax register from apartments to condominiums. As a result of this change in classification, Bannock County reappraised property taxes on the unsold units of Fairway Estates. This reappraisal created a substantially higher tax assessment and liability for appellant.

Appellant disputed Bannock County's classification and the resulting increase in taxes for the years 1980 through 1984. With regard to the 1980 property taxes, appellant requested, by application dated June 22, 1980, a hearing before the Bannock County Commissioners, sitting as a board of equalization, concerning the valuation of the subject properties. Appellant never appeared to protest the increased assessment for 1980 and the board of equalization denied the requested hearing. Appellant failed to appeal the decision of the board of equalization to the board of tax appeals. Appellant paid the 1980 taxes on Fairway Estates in late 1983.

During the 1981 tax year, appellant made a timely application and appearance before the board of equalization to protest the 1981 assessment. The Board's decision was adverse to appellant's claim. Appellant then made a timely application for review to the board of tax appeals. The board of tax appeals reviewed appellant's claim denying the request for reevaluation. Appellant then filed this action in the district court, and paid 1981 taxes in late 1983.

With regard to the tax year 1982, appellant made a formal request for hearing to the board of equalization, however, appellant again failed to appear before the Board, and the Board denied appellant's request for reevaluation. Appellant again failed to appeal the board of equalization's decision to the board of tax appeals. Appellant paid the 1982 taxes in late 1985.

In 1983, appellant did not request a hearing before the board of equalization and did not appear before the board of tax appeals. Appellant paid the 1983 assessment at the end of 1986.

In 1984, appellant made a request for hearing to the board of equalization. Appellant again failed to appear before the Board, and the Board denied appellant's request for reevaluation. In preparation for the 1981 action in the district court, appellant made requests for admissions. Respondent, in one of its admissions, stated that, "plaintiff [appellant] has exhausted its administrative remedies in seeking a fair evaluation and levy of taxes on the unsold units in Fairway Estates." Appellant then notified the county of its intent to appeal the board of equalization's 1984 decision to the board of tax appeals. After this notice, counsel for appellant and counsel for the county entered into a stipulation to stay the 1984 proceedings then pending before the board of tax appeals and providing that the decision of the district court, pursuant to appellant's action of 1983, would be binding. The stipulation reads as follows:

That the hearing now set in this matter ... be continued, since there is now pending before the Sixth Judicial District Court of the State of Idaho, in and for the County of Bannock, a case ... which is an appeal from an earlier decision of the Idaho Board of Tax Appeals and the board of equalization, involving the same

facts and legal issues as the instant appeal. By this stipulation, both Fairway Development Company and Bannock County and its officers hereby stipulate and agree that the decision of the District Court in the above-entitled matter shall be binding as to this appeal subject to any appeal from the decision of the District Court in the above-entitled matter by any of the parties thereto. Hence, the parties have determined that a hearing on the instant case will not be necessary.

Thereafter, appellant paid the taxes for 1984 in late 1987.

The case was twice before this Court. The first time appellant's appeal was dismissed. *Fairway Dev. Co. v. Bannock County*, 111 Idaho 653, 726 P.2d 765 (1986). The second time this case was before this Court certain constitutional questions were addressed and the matter was remanded to the district court. *Fairway Dev. Co. v. Bannock County*, 113 Idaho 933, 750 P.2d 954 (1988).

## II.

## IN A DISPUTE OVER THE AMOUNT OF TAX ASSESSMENTS, FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES DEPRIVES A DISTRICT COURT OF SUBJECT MATTER JURISDICTION.

■ Appellant argues that the parties' stipulation attempted to confer subject matter jurisdiction upon the district court where the statutory appeals procedures had not been followed or exhausted.

The appeal procedures for contesting a tax assessment are explained in the law of Idaho. ID. CONST. art. 7, § 12 provides that:

The board of county commissioners for the several counties of the state, shall constitute boards of equalization for their respective counties, whose duty it shall be to equalize the valuation of the taxable property in the county, under such rules and regulations of the state

tax commission as shall be prescribed by law.

I.C. § 63–401 (1989) states in part that: The board of county commissioners of each county in this state shall meet as a board of equalization at least once in every month of the year up to the fourth Monday of June for the purpose of equalizing the assessment of property on the real and personal property rolls and shall meet on the fourth Monday of June of each year to complete the equalization of assessment on all real and personal property which has not yet been equalized and to hear appeals received on or before the fourth Monday in June on valuation of property on such rolls.

I.C. § 63–402 (1989) provides in part: It is hereby made the duty of the board of county commissioner, at the meeting prescribed in the preceding section, to enforce and compel a proper classification and assessment of all property required under the provisions of this act to be entered upon the real property assessment roll and personal property assessment roll, and in so doing the board shall examine such real property assessment roll, and shall raise or cause to be raised, or lower or cause to be lowered, the assessment of any property which, in the judgment of the said board, has not been lawfully assessed.

Pursuant to Idaho law the board of county commissioners is to meet as a board of equalization. The person contesting the assessment of taxes against his or her real property must petition the board of equalization for review of such assessment. Thereafter the board of equalization may raise or lower the assessment.

If the petition of the contesting tax payer is denied by the board of equalization, the taxpayer must appeal the decision to the board of tax appeals. I.C. § 63–2210 (1989) provides:

Any time within thirty (30) days after the mailing of notice of a decision of the board of county commissioners, sitting as a board of equalization, or pronouncement of a decision if this is announced at a hearing, upon complaint by a taxpayer,

the assessor or the state tax commission in relation to the property valuation, an appeal may be taken from any act, order or proceeding of the board, or the failure of the board to act before adjournment of the board as a board of equalization, to the board of tax appeals, by any person aggrieved thereby. . . .

If the contesting taxpayer disagrees with the board of tax appeals decision he or she may appeal for judicial review. However, I.C. § 67–5215 (1989) states that a person contesting a decision of an agency is entitled to judicial review if they have "exhausted all administrative remedies available within the agency." Then, I.C. § 63–3812 (1989) provides:

Whenever any taxpayer, assessor, the state tax commission or any other party appearing before the board of tax appeals is aggrieved by a decision of the board of tax appeals or a decision on a motion for rehearing, an appeal may be taken to the district court located in the county of the residence of the affected taxpayer, or the district court in and for the county in which the property affected by an assessment is located. The appeal shall be taken and perfected in the following manner:

(a) The appellant shall cause notice specifying the grounds of appeal to be filed with the clerk of the board of tax appeals within thirty (30) days after copy of the final decision of the board shall have been deposited in the mail. . . .

Applying the above-stated procedure to the case before this Court, it seems clear that appellant has failed to comply with Idaho law regarding the appeal of a contrary administrative decision.

In 1980, appellant made application to the board of equalization for a hearing of reevaluation. Appellant failed to appear at the hearing and failed to appeal the decision of the board to the board of tax appeals.

In 1981, appellant made application to the board of equalization and a hearing was held denying reevaluation. Appellant then sought review of the board of equalization's decision from the board of tax appeals. Once again reevaluation was denied. Appellant failed to appeal pursuant to I.C. § 63–3812 by filing a notice of appeal with the clerk of the board of tax appeals, but did file this action with the district court.

In 1982, appellant applied for a hearing with the board of equalization. Once again, appellant failed to appear and failed to appeal the decision of the board to the board of tax appeals.

In 1983, appellant failed to apply for a hearing with either the board of equalization or the board of tax appeals.

In 1984, appellant filed for a hearing with the board of equalization and again did not appear before the board. Appellant did then intend to appeal the decision of the board of equalization to the board of tax appeals, but the above-mentioned stipulation was then entered into by the parties. Since 1984, no effort has been made by appellant to exhaust administrative remedies.

What appears before this Court now is appellant's protest to the 1981 assessment which was heard by the board of equalization, the board of tax appeals, and then was filed in the district court in 1983. However, said filing was not in compliance with I.C. § 63–3812 in that appellant failed to file with the clerk of the board of tax appeals a notice of appeal pursuant to filing an appeal in district court.

In routine tax assessment complaints, this Court has made it clear that the pursuit of statutory administrative remedies is a condition precedent to judicial review. In *Franden v. Jonasson*, 95 Idaho 792, 793, 520 P.2d 247, 248 (1973), this Court wrote: "In Idaho it is clear that the pursuit of statutory administrative remedies is a condition precedent to judicial process concerning unequal tax assessment."

The taxpayer in the case, *In re Felton*, 79 Idaho 325, 316 P.2d 1064 (1957), did not exhaust administrative remedies by appealing the tax assessment from the county commissioners to the same body sitting as the board of equalization. This Court explained "the court had no jurisdiction to

[engage in the process of equalization] on an appeal from the board of county commissioners". *Id.* at 334, 316 P.2d at 1068. The rule that administrative remedies must be exhausted before the district court will hear a case is a general rule and has been deviated from in some cases. However, such deviation occurs as a result of the various ways that the question has arisen. This Court recognized these problems in *Sierra Life Ins. Co. v. Granata,* 99 Idaho 624, 586 P.2d 1068 (1978). In *Sierra Life,* this Court held that:

> It is difficult to find truly analogous cases dealing with the defense of failure to exhaust administrative remedies because of (1) the extremely varied nature of the administrative proceedings and remedies involved; (2) the variations in the nature of the judicial relief or remedy sought which brings the judicial and administrative proceedings into conflict; and (3) the variations in the manner in which the exhaustion doctrine defense is raised procedurally.

Professor Davis suggests the difficulty of looking to the cases for guidance in applying the exhaustion doctrine in these remarks:

> The statement the courts so often repeat in their opinions—that judicial relief must be denied until administrative remedies have been exhausted—is seriously at variance with the holdings....
>
> The law embodied in the holdings clearly is that sometimes exhaustion is required and sometimes not. No court requires exhaustion when exhaustion will involve irreparable injury and when agency is palpably without jurisdiction; probably every court requires exhaustion when the question presented is one within the agency's specialization and when the administrative remedy is as likely as the judicial remedy to provide the wanted relief. In between these extremes is a vast array of problems on which judicial action is variable and difficult or impossible to predict.

*Id.* at 627, 586 P.2d at 1071. In *Grever v. Idaho Tel. Co.,* 94 Idaho 900, 499 P.2d 1256 (1972), this Court further defined the exceptions to the exhaustion doctrine:

> In relaxing the doctrine of exhaustion this Court held that the rule will be departed from under certain circumstances, first, where the interests of justice so require and secondly, where the agency acts outside its authority.

*Id.* at 903, 499 P.2d at 1259; *see also Bohemian Breweries v. Koehler,* 80 Idaho 438, 332 P.2d 875 (1958) (exhaustion of administrative remedies not an absolute rule and will be departed from where the interests of justice so require); *Williams v. State,* 95 Idaho 5, 501 P.2d 203 (1972) (deviation from rule allowable when interests of justice would otherwise be thwarted).

■ The exceptions to the exhaustion doctrine do not apply to the present case where the issue is the correctness of the tax assessments. In such a case the district court does not acquire subject matter jurisdiction until all the administrative remedies have been exhausted.

### III.

### PARTIES TO AN ACTION CANNOT CONFER SUBJECT MATTER JURISDICTION UPON A COURT IF IN FACT IT DOES NOT ALREADY EXIST.

■ Appellant contends that respondent's admission that all administrative remedies had been exhausted serves as a mechanism to preclude compliance with the appellate procedures and confers upon the district court subject matter jurisdiction. In *White v. Marty,* 97 Idaho 85, 540 P.2d 270 (1975) (*overruled on other grounds, Carr v. Magistrate Court of First Jud. Dist.,* 108 Idaho 546, 700 P.2d 949 (1985)), this Court held that parties to an action cannot confer or create subject matter jurisdiction upon or in a court if in fact it does not exist. This Court explained:

> While it is clear that personal jurisdiction may be gained by a court through consent of the parties, neither estoppel nor consent will confer subject matter jurisdiction on a judge to try a case which by

statute and court rule is clearly in excess of his authority to adjudicate.

The defense of lack of jurisdiction over the subject matter is never waived and must be asserted by the Court if it finds that it lacks jurisdiction of the subject matter. *Sierra Life Ins. Co. v. Granata,* 99 Idaho 624, 586 P.2d 1068 (1978).

 The stipulation entered into by the parties and stating that the district court's decision in this case would be binding on the appeal to the board of tax appeals does not have any effect on this Court's decision. The stipulation was made in the tax court and consequently has no binding effect on either the district court or this Court. The stipulation, at most, would be a collateral attempt to create subject matter jurisdiction in the district court. That issue has been decided above.

## IV.

### I.C. § 63-2213 DOES NOT PERMIT AN APPEAL OF AN ACTION TO A DISTRICT COURT DESPITE FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES.

 Appellant claims that an appeal can be taken because taxes were paid under protest for the years 1980 through 1984. I.C. § 63-2213 (1989) provides that:

An action against a county, an officer, or officer de facto, for taxes or money paid to such county, officer, or officer de facto under protest, or seized by such officer, in his official capacity as a collector of taxes, and which it is claimed ought to be refunded, shall be commenced within sixty (60) days after such payment or seizure.

This question has been previously put before this Court. In *Washburn–Wilson Co. v. Jerome County,* 65 Idaho 1, 138 P.2d 978 (1943), this Court wrote:

It is a well settled rule of law that statutory remedies of this nature are exclusive and that a taxpayer may not maintain an action against a county for a general money judgement for the amount of taxes erroneously or illegally exacted, where the tax is not absolutely void.

*Id.* at 8, 138 P.2d at 981. *See also V–1 Oil Co. v. County of Bannock,* 97 Idaho 807, 554 P.2d 1304 (1976); *Franden v. Jonasson,* 95 Idaho at 793, 520 P.2d at 248. This Court has decided that the taxpayer cannot ignore the statutory appeal process by paying the tax under protest and then filing an action under I.C. § 63-2213 for refund of the tax. Such a collateral attack upon the decision of the assessor and the board of equalization is not permitted.

For the above stated reasons the decision of the district court is affirmed.

Costs are awarded to respondents. No attorney fees were requested on appeal.

JOHNSON, BOYLE, and McDEVITT, JJ., and HERNDON, J., Pro Tem., concur.